## Vaughn et al. v. Carlton et al.

December 7, 1948.

Rehearing denied January 6, 1949.

Fisher & Reed and Charles H. Lowry for appellants.

Albert Karnes and Eaton & Eaton for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This action was instituted by J. W. Carlton to enforce a mechanic's lien for remodeling a home belonging to Mr. and Mrs. W. E. Vaughn. Both parties are appealing from a judgment awarding Carlton a substantial part of his claim. On the appeal the appellants are contending that the judgment is erroneous because (1) the court erred in overruling their demurrer to the petition; (2) there was a fatal variance between the pleadings and proof; and (3) the evidence does not support the judgment. On the other hand, Carlton insists that it was error for the trial court to deduct $1,270.36 from his claim of $4,743.72, and interest should have been allowed from October 3, 1946, the date of the completion of the house, instead of from August 18, 1947, the date of the report of the commissioner.

As we view the case, the principal question involved is the amount of the balance due Carlton for remodeling the Vaughns' home. Late in March, 1946, the parties went to the Vaughn home for the purpose of discussing its renovation. While there they looked at some lumber

which the Vaughns desired to have used in the reconstruction work. The Vaughns said that Carlton told them the work could be done for $2,800 to $2,900, while Carlton said he told them it could be done only on a cost plus basis. Shortly after the premises had been visited Carlton delivered or had delivered to the appellants' bakery a letter containing a written estimate of the work to be done on the house. After setting forth the necessary work Carlton concluded in his letter that it could be done at an approximate cost of $2,800 to $2,900, and in the best possible manner. Carlton was authorized to do the work.

On the trial Carlton said he intended to insert the figures $3,800 to $3,900 in the letter and that the other figures were inserted through error. He said further that numerous changes were made in the original plans which incurred additional costs, including the lengthening of the house from 37 to 41 feet. On the other hand, the Vaughns said that only two changes were made for which they were ready to make payment. The final costs figure submitted by Carlton was $6,143.72, of which the appellants had paid $1,400.

The master commissioner recommended that $1,000 be deducted from Carlton's claim. This amount was made up of reductions of (1) 25 cents per hour on total hours worked; (2) the amount paid Mr. Carlton's supervisor; (3) 10 per cent on lumber and mill work; and (4) a further amount because of the $1,000 error in the estimate. The commissioner also recommended that interest be allowed from the date of his report, August 18, 1947. The trial court made a further deduction of $272.23 and directed that interest be allowed as recommended by the commissioner.

In his petition Carlton set forth that he had "performed labor and furnished materials for the erection, altering and repairing of the house on the above described property by contract with the defendants" and that the amount due him and unpaid for making the repairs and improvements was $4,743.72. In insisting their demurrer should have been sustained to the petition the appellants contend the petition did not allege a request for the services nor a promise to pay therefor, and the allegation that the services were performed by

contract was a mere conclusion of law. The appellee contends that his petition did allege a contract, but even if it did not the appellants filed an answer and he introduced all of his evidence before they gave their depositions. It is his position that the appellants were in no way misled and that, since they answered without making a motion to make more specific, they waived any defect which might have existed in his petition. We fail to see how the appellants can contend seriously that they were in any way misled. Unquestionably, there was an agreement between the parties for the remodeling of the house. As a matter of fact, a payment of $1,400 was made by the appellants on the work. The real question at issue was, whether the work was to be done on a cost plus basis, or whether Carlton had agreed to do it for an estimated sum of $2,800 to $2,900?

On the question of a fatal variance between the pleading and the proof the appellants say that, if Carlton was suing on an implied contract, his action must fail because it dealt with an express contract, namely, cost plus 10 per cent. The Vaughns were in no way misled in the action and they advanced fully their theory of the case and their defenses. We find no material variance as dealt with in section 129 of the Civil Code of Practice. See also Tyler v. Coleman, 97 S. W. 373, 29 Ky. Law Rep. 1270.

As indicated above, the principal question involved in this action is whether Carlton is entitled to recover on a contract based on cost plus 10 per cent, or whether he should be limited to a recovery of not more than $2,800 to $2,900. Carlton contends that he informed the appellants from the outset that he could do the work only on a cost plus basis and that his letter of April 2nd contained an error in the amount of $1,000. Furthermore, he said that numerous changes were made at the request of the appellants. In support of his position he filed detailed exhibits setting forth the materials and labor furnished by him and his charges for the work. It was brought out in the evidence also that the Vaughns selected the plumbing fixtures. It is common knowledge that remodeling work, and especially that done during a period of high prices such as has existed in recent years, could hardly be done on any other than a cost plus basis. Especially is this true since changes in

original plans are frequently made from time to time as remodeling work progresses. Obviously, both the commissioner and the trial judge took into consideration the $1,000 mistake which Carlton said he made in his estimate letter of April 2nd when they determined the amount due him. It may be, as he contends, that he will actually be out money on the job, but we believe that the circumstances warrant the deductions made in his final claim. Certainly we have no more than a doubt as to the correctness of the chancellor's ruling. Furthermore, we find no objection to the date from which interest was allowed. Actually there was no liquidated claim until that time.

Judgment affirmed on both the appeal and the cross appeal.